UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHNNY T. ROBINSON,

        Plaintiff,

v.

                              Case No. 3:20-cv-1200-J-34JRK

CITY OF JACKSONVILLE,
et al.,

        Defendants.

## **ORDER**

### I. Status

Plaintiff Johnny T. Robinson, a pretrial detainee who is housed at the Montgomery Correctional Center (MCC) in Jacksonville, Florida, initiated this action on September 16, 2020, by filing a "Law Suit Claim" (Complaint; Doc. 3) in the Fourth Judicial Circuit Court in and for Duval County, Florida.[1] See Doc. 1-3 at 1, Case No. 16-2020-CA-005330-XXXX-MA, docket. Defendants removed the case to this Court on October 22, 2020. See Notice of Removal (Doc. 1). Robinson names "Jacksonville Sheriff Department Mike Williams" and the Jacksonville Sheriff's Office (JSO) as Defendants. Complaint at 1. He asserts that his Fourth and Fourteenth Amendment rights were violated during an illegal search of a family member's premises on May 12, 2020. As relief, he requests monetary damages, and wants the Court to hold the JSO accountable for the officers' actions.

---

[1] The Court cites to the document and page numbers as assigned by the Court's Electronic Case Filing System.

This matter is before the Court on a Motion to Dismiss (Motion; Doc. 7), filed by the City of Jacksonville (City), by and through Sheriff Mike Williams, in his official capacity as the City's Sheriff.[2] The Court advised Robinson that granting a motion to dismiss would be an adjudication of the case that could foreclose subsequent litigation on the matter and gave him an opportunity to respond. See Order (Doc. 8). Robinson filed a response in opposition to the Motion. See Response to City of Jacksonville's Motion to Dismiss (Response; Doc. 11). Thus, the Motion is ripe for review.

## II. Plaintiff's Allegations[3]

Robinson asserts that Sheriff Mike Williams is responsible for the JSO's negligence and unprofessionalism. He states that JSO officers violated his Fourth Amendment right when they failed to obtain a valid search warrant and illegally searched his family member's premises on May 12, 2020. He also asserts that the JSO violated his due process rights under the Fourteenth Amendment.

---

[2] The City maintains that the JSO lacks the legal capacity to be sued, and therefore, Sheriff Williams, in his official capacity, is the proper Defendant. See Motion at 1-2 n.1, 9 n.3, 14. Additionally, the City asserts that a suit against a public official in his official capacity is treated as a suit against the local government entity he represents, and therefore, "the proper defendant in this action should be the City of Jacksonville, by and through Sheriff Mike Williams, in his official capacity." Id. at 9 n.3. As such, the City states that its references to Sheriff Williams, the JSO, and the City "are one and the same unless otherwise noted, and are used interchangeably as the context warrants." Id. at 2 n.1.

[3] The Complaint is the operative pleading. In considering a motion to dismiss, the Court must accept all factual allegations in the Complaint as true, consider the allegations in the light most favorable to the plaintiff, and accept all reasonable inferences that can be drawn from such allegations. Miljkovic v. Shafritz & Dinkin, P.A., 791 F.3d 1291, 1297 (11th Cir. 2015) (quotations and citations omitted). As such, the recited facts are drawn from the Complaint and may differ from those that ultimately can be proved.

### III. Motion to Dismiss Standard

In ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff must still meet some minimal pleading requirements. Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as

3

true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'" Id. at 678 (quoting Twombly, 550 U.S. at 570). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Alford v. Consol. Gov't of Columbus, Ga., 438 F. App'x 837, 839 (11th Cir. 2011)[4] (quoting GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citation omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 709).

### IV. Summary of the Arguments

Defendant Sheriff Mike Williams requests that the Court abstain from exercising jurisdiction over Robinson's case pursuant to the abstention doctrine announced in Younger v. Harris, 401 U.S. 37 (1971), see Motion at 5-9, or alternatively, dismiss Robinson's claims, see id. at 9-14. He also maintains that Robinson fails to establish that he has standing to challenge the alleged unlawful search. See id. at 10. Next, Defendant

---

[4] "Although an unpublished opinion is not binding . . . , it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

4

asserts that Robinson fails to state a plausible municipal liability claim against the City, see id. at 10-12, and that Robinson provides no facts to support his Fourteenth Amendment claim against the JSO. See id. at 12. Finally, he asserts that the Court should dismiss Robinson's state law claims. See id. at 12-14. Robinson opposes the Motion, and asks that the Court deny the Motion, exercise its jurisdiction, and permit him to proceed with his claims relating to the unlawful search. See Response at 1-5.

### V. Judicial Notice

At any stage of a proceeding, a court may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The United States Court of Appeals for the Eleventh Circuit has cautioned that judicial notice should be employed sparingly because it "bypasses the safeguards which are involved with the usual process of proving facts by competent evidence." Shahar v. Bowers, 120 F.3d 211, 214 (11th Cir. 1997). "[T]he kinds of things about which courts ordinarily take judicial notice are (1) scientific facts: for instance, when does the sun rise or set; (2) matters of geography: for instance, what are the boundaries of a state; or (3) matters of political history: for instance, who was president in 1958." Id.

In a habeas corpus case in which the district court addressed the issue of timeliness, the Eleventh Circuit held that the dates that the district court noticed from the online state court dockets constituted "judicially noticed facts under Rule 201." Paez v. Sec'y, Fla. Dep't of Corr., 947 F.3d 649, 652 (11th Cir. 2020). Moreover, the Eleventh

Circuit has determined that a court may take judicial notice of public records when ruling on a motion to dismiss. See Lozman v. City of Riviera Beach, Fla., 713 F.3d 1066, 1077 n.9 (11th Cir. 2013) (taking judicial notice of state court documents for purposes of a Rule 12(b)(6) motion to dismiss in a § 1983 case). Generally, the Eleventh Circuit has distinguished between taking judicial notice of the fact that court records or court rulings exist and taking judicial notice of the truth of the matters stated within those court records or court filings. See Grayson v. Warden, Comm'r, Ala. DOC, 869 F.3d 1204, 1225 (11th Cir. 2017). Thus, judicial notice of related court cases can only be taken either to recognize the judicial act that the order represents or the subject matter of the litigation. See Thomas v. Sec'y, Fla. Dep't of Corr., 644 F. App'x 887, 888 (11th Cir. 2016) (taking "judicial notice of another court's order for the limited purpose of recognizing the 'judicial act'" that the order represented) (citation omitted); McDowell Bey v. Vega, 588 F. App'x 923, 926-27 (11th Cir. 2014) (finding that the district court properly took judicial notice of entries appearing on state court's docket sheet). Consistent with this authority, the Court takes judicial notice of Robinson's pending state court criminal proceeding (case number 16-2020-CF-004761-AXXX-MA).

## VI. Abstention

In the Motion, Defendant Williams requests that the Court abstain from exercising its jurisdiction over Robinson's case because Robinson's federal action is related to an ongoing criminal prosecution against him in the Fourth Judicial Circuit in and for Duval County, Florida. See Motion at 7-8; Doc. 7-1, exhibit 1, case no. 16-2020-CF-004761-AXXX-MA, docket. In his Response, Robinson asks that the Court exercise its jurisdiction

and address his Fourth Amendment claim that JSO officers conducted a warrantless search. See Response at 1-3.

The Younger abstention doctrine reaffirmed the "strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982). Thus, to the extent Robinson requests that this Court intervene in his pending state court criminal case, such a request is barred by the abstention doctrine and the principles of exhaustion and comity. Absent some exceptional circumstances meriting equitable relief, a federal court should refrain from interfering with a pending state criminal proceeding. See Younger, 401 U.S. at 43-44; Butler v. Ala. Judicial Inquiry Comm'n, 245 F.3d 1257, 1261 (11th Cir. 2001) ("Younger and its progeny reflect the longstanding national public policy, based on principles of comity and federalism, of allowing state courts to try cases already pending in state court free from federal court interference.") (citation omitted).

"In Younger, the Supreme Court set out three exceptions to the abstention doctrine: (1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." Hughes v. Attorney Gen. of Fla., 377 F.3d 1258, 1263 n.6 (11th Cir. 2004) (citing Younger, 401 U.S. at 45). Robinson has not provided any facts suggesting that any of these three exceptions to the abstention doctrine apply in his case. As such, Defendant's Motion is due to be granted as to Defendant's assertion

that the Court should abstain from exercising jurisdiction over Robinson's claims related to the state court prosecution.

## VII. Analysis and Conclusions

Defendant, in the alternative, asks that the Court dismiss Robinson's Fourth and Fourteenth Amendment claims against Sheriff Williams, the JSO, and the City. See Motion at 9-14. A discussion of each follows.

### A. Fourth Amendment Claim Against Sheriff Williams

Robinson asserts that Sheriff Williams is responsible for the JSO's negligence and unprofessionalism associated with the unlawful search. He states that JSO officers violated his Fourth Amendment right when they failed to obtain a valid search warrant and illegally searched his family member's premises. Defendant Williams maintains that Robinson has not sufficiently alleged that he has standing to bring his Fourth Amendment claim. See Motion at 10. He also asserts that a suit against a public official in his official capacity is treated as a suit against the local government entity he represents, such as the City in this case. See id. at 1-2 n.1, 10-12. He argues that Robinson fails to allege that an official government policy, custom, or practice was the moving force behind the alleged constitutional violation. See id. at 10-12. In his Response, Robinson urges the Court to permit the case to proceed as to his Fourth Amendment claim that JSO officers, who are employed by Defendant Williams, conducted a warrantless search that violated Florida law and JSO policies and procedures. See Response at 1-2.

The Fourth Amendment to the United States Constitution guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against

8

unreasonable searches and seizures." Whren v. United States, 517 U.S. 806, 809 (1996) (internal quotations omitted). Indeed, "[o]f all the places that can be searched by the police, one's home is the most sacrosanct, and receives the greatest Fourth Amendment protection." United States v. McGough, 412 F.3d 1232, 1236 (11th Cir. 2005) (citing Payton v. New York, 445 U.S. 573, 585 (1980)). To challenge the reasonableness of a search or seizure, the person invoking the protection must have standing to do so. See United States v. Eyster, 948 F.2d 1196, 1208-09 (11th Cir. 1991). To establish standing, the person must have a "legitimate expectation of privacy in the invaded place." Rakas v. Illinois, 439 U.S. 128, 143 (1978). Thus, to establish a reasonable expectation of privacy, the person must show "(1) that he manifested a subjective expectation of privacy in the item searched or seized, and (2) a willingness by society to recognize that expectation as legitimate." Rehberg v. Paulk, 611 F.3d 828, 842 (11th Cir. 2010) (internal quotation marks and citations omitted), aff'd, 566 U.S. 356 (2012).

Notably, a civil rights complaint must include a short and plain statement of the claim showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. Indeed, a complaint is insufficient "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557). To avoid dismissal for failure to state a claim on which relief can be granted, a complaint must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Moreover, "[w]hile legal conclusions can provide the

9

framework of a complaint, they must be supported by factual allegations." Id. at 679. In the Complaint, Robinson fails to provide any facts supporting his Fourth Amendment claim against Defendant Williams or any facts as to how Williams violated his federal constitutional rights and/or was involved in the alleged unlawful search. As to any complaints about unprofessional or negligent conduct by Defendant Williams, the law is well settled that the Constitution is not implicated by the negligent acts of corrections officials. Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Davidson v. Cannon, 474 U.S. 344, 348 (1986) ("As we held in Daniels, the protections of the Due Process Clause, whether procedural or substantive, are just not triggered by lack of due care by prison officials.").

Moreover, any 42 U.S.C. § 1983 official capacity claims against the Sheriff are claims against the governmental entity (the City in this case). See Lewis v. Clarke, 137 S. Ct. 1285, 1291 (2017); Kentucky v. Graham, 473 U.S. 159, 165-66 (1985); Barnett v. MacArthur, 956 F.3d 1291, 1296 (11th Cir. 2020); Cooper v. Rutherford, No. 17-15535, 2020 WL 5793214, at *2 (11th Cir. Sept. 29, 2020) (per curiam). To the extent Robinson asserts claims against the City, through Sheriff Williams in his official capacity, Robinson neither provides any factual assertions relating to the City nor allegations as to how the City may have violated his federal constitutional rights. Robinson has neither identified an official JSO policy nor an unofficial JSO custom or practice that was the "moving force" behind any alleged constitutional violation. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 693-94 (1978). The City cannot be held liable based on any alleged conduct of or decisions by its employees simply because they were working under contract for the City

10

to serve and protect its citizens. Robinson's factual allegations relating solely to alleged individual failures in conducting a warrantless search are simply insufficient to sustain a claim that there is either a policy or a practice or custom of searching a residence without a valid search warrant in violation of the Fourth Amendment, much less that the practice was so widespread that the City had notice of violations and made a "conscious choice" to disregard them. Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998). Thus, to the extent Robinson intends to pursue a § 1983 claim against the City, he fails to state a plausible claim. As such, Defendant's Motion is due to be granted, and Robinson's Fourth Amendment unlawful search claim against Defendant Williams is due to be dismissed. See Iqbal, 556 U.S. at 678.

### B. Fourteenth Amendment Claim Against the JSO

Next, the Court turns to Robinson's assertion that the JSO violated his due process rights under the Fourteenth Amendment. Defendant maintains that a sheriff's office lacks the legal capacity to be sued. See Motion at 1 n.1. He also asserts that Robinson provides no facts to support his due process claim. See id. at 12. In his Response, Robinson blames JSO officers for the warrantless search. See Response at 1-2.

Under Florida law, a sheriff's office is not a separate legal entity with the capacity to be sued. See Faulkner v. Monroe Cnty. Sheriff's Dep't, 523 F. App'x 696, 701 (11th Cir. 2013) (noting that "Florida law has not established Sheriff's offices as separate legal entities with the capacity to be sued."). As such, Monell is inapplicable here. See Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) ("The question here is not whether the Jefferson County Sheriff's Department is a 'person' for the purposes of liability under

Monell and section 1983, but whether the Department is a legal entity subject to suit."). In Dean, the Eleventh Circuit held that the district court did not err in dismissing § 1983 claims against a sheriff's office despite the plaintiff's contention that the sheriff's office was liable under Monell. Id. Because the JSO is not a legal entity amenable to suit, Robinson fails to state a § 1983 claim upon which relief may be granted against the JSO. As such, Defendant's Motion is due to granted as to his assertion that the JSO is not a legal entity amenable to suit.

In consideration of the foregoing, it is now

**ORDERED**:

1.  Defendant's Motion to Dismiss (Doc. 7) is **GRANTED.**

2.  The Clerk shall enter judgment dismissing this case without prejudice, terminating any pending motions, and closing the case.

3.  The Clerk shall provide a copy of the Order to Assistant Regional Counsel Joshua I. Goldsborough (who is representing Robinson in case number 16-2020-CF-004761-AXXX-MA) at the following address: 1 West Adams Street, Suite 200, Jacksonville, Florida, 32202-3643.

**DONE AND ORDERED** at Jacksonville, Florida, this 1st day of December, 2020.

MARCIA MORALES HOWARD
United States District Judge

sc 12/1
c:
Johnny T. Robinson, MCC
Counsel of Record

12